# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5955 | **DATE** | 12/8/2003 |
| **CASE TITLE** | Chung vs. Dushane | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Before this court is plaintiff Dong Chung's motion to enter default order, motion to show cause, motion to compel address, motion to complete service of process, and motion for reconsideration. For the reasons stated on the attached memorandum opinion, the Court hereby denies all of the motions. Enter Memorandum Opinion

(11) ■ For further detail see Memorandum Opinion attached to the original minute order.

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | DEC 0 9 2003 | |
| | Notices mailed by judge's staff. | | date docketed | 37 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | CLERK | DEC 0 9 2003 date mailed notice | |
| MW6 | courtroom deputy's initials | 03 DEC -8 PM 5:43 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DONG CHUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03 C 5955 |
| ) | |
| GARY DUSHANE, JAMIE T. NEGUS, ) | |
| SCOTT SIVERSEN, JULIE LUECHT, ) | |
| PEGGY MADLIN, MIKE CRISAFULLI, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

DOCKETED
DEC 0 3 2003

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

Before this court is plaintiff Dong Chung's ("Chung") motion to enter default order, motion to show cause, motion to compel address, motion to complete service of process, and motion for reconsideration. For the reasons stated below we deny all of the motions.

## BACKGROUND

On November 4, 2003, we dismissed this case and therefore Chung's motion to enter default order, motion to show cause, motion to compel address, and motion to complete service of process are denied as moot. We note that Chung asks us to reconsider a ruling allegedly made on November 13, 2003. We made no ruling on November 13, 2003. However, Chung is proceeding *pro se* and thus we shall liberally construe her pleadings and we find that it is sufficiently clear that Chung is seeking review of our ruling on November 4, 2003. On

1

November 4 we dismissed this case pursuant to 28 U.S.C. § 1915(e)(2)(A). We note that 28 U.S.C. § 1915(e) is the recodification of 28 U.S.C.§ 1915(d).

## LEGAL STANDARD

Rule 59(e) permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). Motions for reconsideration under Rule 59(e) are appropriate to correct manifest errors of law or fact or to present newly discovered evidence. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir.1985). Such motions do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996) (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995)). Rather, a Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.*, 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). The decision of whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court. . . ." *In re Prince*, 85 F.3d 314, 324 (7th Cir.1996).

## DISCUSSION

Chung first argues that our ruling on November 4, 2003, constituted an abuse of discretion. This argument is not applicable to the instant motion. The abuse of discretion standard is the standard applied by the Seventh Circuit on certain appeals and is not the proper

standard for a motion for reconsideration before a district court. Chung also asks us to reconsider our dismissal of all claims against Chief Judge Kocoras and Judge Ashman. However, Chung already filed a motion for reconsideration of those rulings and on October 28, 2003, we denied her motion for reconsideration. We deny the instant motion for the same reasons stated in our prior order.

Chung also asks the court to reconsider our ruling on November 4, 2003, dismissing the case pursuant to 28 U.S.C. § 1915(e)(2)(A) which compels a court to dismiss a case if the allegation of poverty is found to be untrue. On her *in forma pauperis* application Chung indicated that neither her nor any one else living at the same address received more than $200 in income from any source such as social security, unemployment, welfare, or other sources such as loans from relatives, in the twelve months preceding her filing the *in forma pauperis* application. However, at the court hearing on November 4, 2003, the court questioned Chung about her *in forma pauperis* application and her income from various potential sources in the twelve moths prior to her filing of her application. Chung was not forthcoming and equivocated when she was questioned on these issues. She indicated in court that she was no longer certain whether or not she received income in the twelve months prior to her application which should have been reported on the application. She also made admissions that were inconsistent with her *in forma pauperis* application. For example, Chung indicated that she did some translations during the twelve months prior to her filing her application, but this fact was only admitted after repeated questioning. Even then Chung did not disclose how many times she did the translations. She was unsure how much she got paid each time and when she did the translations. Based on all of Chung's in court admissions, this court concluded that the allegations in her *in forma pauperis*

3

application were untrue and dismissed the case.

A perfect example of her equivocations is illustrated by Chung's responses relating to her car. Chung indicated on her *in forma pauperis* application that she did not own an automobile worth more than $1,000. On November 4, 2003, the court asked Chung: "Do you have a car, yes or no ?" which was followed by a pause and no answer was provided by Chung. (H. 17). The court again asked Chung: "Do you own a car, yes or no?" After another lengthy pause Chung responded: "I do not know technically." (H. 17). The court then asked Chung: "Does your husband own a car?" and Chung responded: "No." (H. 17). The court, being unable to get a forthright answer on the topic, proceeded to question Chung on other issues. However, later on in the November 4 hearing the court again asked Chung about her car. Chung indicated that she thought her car was a Chrysler. (H. 23). The court then asked: "You own a car and you think it's a Chrysler, is that what you're saying ?" and Chung responded: "Yes. Your Honor, that's got nothing to do with evasive. I just don't know about the car model." (H. 23). The court then said: "I'll decide whether you're evasive or not. You just answer the questions. Okay? You own a car and you think it's a Chrysler, correct?" Chung responded: "Yes." (H.23).

We see no reason to deviate from our prior ruling. The opportunity to proceed *in forma pauperis* is a privilege provided for the benefit of indigent persons and the court system depends upon the honesty and forthrightness of applicants to ensure that the privilege is not abused. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). Chung has shown that she was not forthright on her *in forma pauperis* application. Although she indicated on her *in forma pauperis* application that she had not received more than $200 in income from any source in the twelve months proceeding her application, her statements in court on November 4, 2003, clearly indicate that

4

Chung withheld information concerning her income from her application.

We also note that we could have dismissed the instant case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) on the basis that Chung's case is frivolous and malicious. The instant case contains the same claims filed in another case that was dismissed by Chief Judge Kocoras on October 17, 2003. Yet Chung persists in filing the same claims against the defendants. In fact, in court, when Chung was asked how she planned to repay the loans she was allegedly receiving from relatives, she revealed to the court her ultimate goal in this case. She did not state that she was seeking justice. Rather she admitted that she planned on getting the defendants to settle the case and then she would repay the loans with the settlement proceeds. Chung clearly is a vexatious litigant. The federal court system is intended to provide a venue where litigants can seek a just resolution of their disputes. The court system is not intended to be used as a means to extort settlements from defendants who may agree to pay settlements in order to avoid the costs of litigation. Chung has shown that she callously uses the court system as a weapon to harass others by the fact that she sued two judges handling her prior case simply because they ruled against her. The federal court system is challenged everyday to keep up with the numerous legitimate claims on the federal docket and the system should not be burdened with frivolous and malicious actions such as this.

Chung argues that we were required to give her an opportunity to respond before we dismissed her case *sua sponte* and she argues that we should have accepted her allegations as true. Chung was given an opportunity to respond to the court's concerns in court. We accepted as true Chung's in court statements and based on her own admissions and equivocations in court we decided a dismissal was appropriate. Chung argues that an *in forma pauperis* applicant is not

5

required to establish that she is absolutely destitute. However, as stated above we dismissed the case because she was not forthcoming or her application and thus deceived the court. Chung also argues that we erred in dismissing her case with prejudice. She cites *Denton v. Hernandez*, 504 U.S. 25 (1992) and *Okoro v. Bohman*, 164 F.3d 1059 (7th Cir. 1999). However, both of those cases dealt with the issue of whether a district court can dismiss a case with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) because the claim is frivolous. The instant case is distinguishable because, although as stated above we could have dismissed this case because it is frivolous, we dismissed the case pursuant to 28 U.S.C. § 1915(e)(2)(A) because we found the allegation of poverty to be untrue. We also dismissed this case with prejudice as a sanction against Chung for submitting a false affidavit to the court. In addition, Chung's interpretation of the holding in *Denton* is incorrect. The Seventh Circuit has indicated that "in *Denton v. Hernandez*, 504 U.S. 25, 34 (1992) . . . the Supreme Court noted the possibility that dismissals under § 1915(d) on the ground of frivolousness could be with prejudice." *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998).

In *Mathis v. New York Life Ins. Co.*, the Seventh Circuit reviewed a district court's dismissal of a case with prejudice because the district court found that the plaintiff had provided inaccurate information on his application to proceed in forma pauperis. 133 F.3d at 547-48. In that case the district court under review had dismissed the case with prejudice "as a sanction for attempting to deceive the court." *Id.* at 547. The court in *Mathis* stated that "the absence of any limitation in § 1915(d), as to dismissal with or without prejudice, meant that 'Congress intended to leave the decision to dismiss with or without prejudice in the district court's discretion.'" *Id.* at 748. The court also stated that "[n]othing in the recodification of § 1915(d) to § 1915(e) suggests

6

that this discretion does not remain with the district court," *Id.*, and the appellate court affirmed the district court's dismissal with prejudice. *Id.*

In *Thomas v. General Motors Acceptance Corp.*, the Seventh Circuit again reviewed a district court's dismissal of a case with prejudice because the district court found that the plaintiff had provided inaccurate information on his application to proceed *in forma pauperis*. 288 F.3d 305, 306 (7th Cir. 2002). The appellate court stated that the district court's "authority to impose such a sanction in an appropriate case is beyond question." *Id.* The court affirmed the district court's dismissal with prejudice and also noted that a dismissal with prejudice "may have been the only feasible sanction . . . ." *Id.* at 306-08. The court reasoned that a dismissal without prejudice would have little meaning absent a statute of limitations bar and reasoned that monetary sanctions "would probably be difficult to collect from a litigant assiduous in concealing assets." *Id.* at 307.

We determined from Chung's responses at the November 4, 2003 hearing that Chung had intentionally provided false information on her *in forma pauperis* application and we properly exercised our discretion and determined that it was appropriate to dismiss the case with prejudice. Therefore, we deny Chung's motion to reconsider.

## CONCLUSION

Based on the foregoing analysis we deny Chung's motion to enter default order, motion to show cause, motion to compel address, motion to complete service of process, and motion for reconsideration.

*Samuel Der-Yeghiayan*
Samuel Der-Yeghiayan
United States District Court Judge

Dated: December 8, 2003